```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
LANDSTAR SYSTEM, INC.,
                                              **NOT FOR PUBLICATION**

              Plaintiff,                      **MEMORANDUM AND**
                                              **ORDER ADOPTING**
                                              **REPORT AND**
                                              **RECOMMENDATION**

                                              15-CV-7179 (KAM)

              -against-


AMERICAN LANDSTAR LOGISTICS
CORP., AMERICAN LANDSTAR MOTOR
TRANS INC. f/k/a AMERICAN
LANDSTAR TRANSPORT INC.
and AMERICAN LANDSTAR
TRANSPORTATION INC.,


              Defendants.
----------------------------------------x
```
**MATSUMOTO, United States District Judge**:

        Plaintiff Landstar System Inc. brings this Motion for Damages ("Motion") against defendants American Landstar Logistics Corp., American Landstar Motor Trans Inc. f/k/a American Landstar Transport Inc., and American Landstar Transportation Inc., for damages on plaintiff's claims for direct and contributory federal trademark infringement, unfair competition, and false designation of origin under Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), as well as punitive damages on plaintiff's claims for New York common law trademark infringement and unfair competition.

1

Plaintiff seeks trebled actual damages of $31,985,256.51 pursuant to 15 U.S.C. § 1117, or $6,000,000 in statutory damages. Plaintiff also seeks attorneys' fees in the amount of $197,878 and $6,301.66 in costs, as well as punitive damages. Defendants do not oppose plaintiff's Motion for Damages. On January 8, 2019, United States Magistrate Judge Vera Scanlon issued a Report and Recommendation (the "R&R") recommending that plaintiff be awarded $375,000 in statutory damages under the Lanham Act, as well as reasonable attorneys' fees and costs. None of the parties has objected to the R&R. For the reasons stated below, the court adopts the R&R with modification as to the amount of statutory damages.

## I. LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). Where no objections are made, the court need only review for clear error on the face of the record. *See Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *Baptichon v. Nev. State Bank*, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x 374 (2d Cir. 2005).

## II.  DISCUSSION

The court assumes familiarity with the facts of the instant action as thoroughly set forth in Magistrate Judge Scanlon's R&R.  (*See* ECF No 79, R&R, at 2-7.)[1]  The R&R recommends that plaintiff be awarded $125,000, as against each of the defendants individually, for a total of $375,000 in statutory damages under the Lanham Act, as well as reasonable attorneys' fees and costs.

Upon review, the court adopts Magistrate Judge Scanlon's thorough and well-reasoned recommendation regarding an award of statutory damages, with modification to the amount of statutory damages to which plaintiff is entitled.  On review, the court also adopts Magistrate Judge Scanlon's recommendation that plaintiff is entitled to attorneys' fees and costs.

### a. Statutory Damages

Magistrate Judge Scanlon found that plaintiff was entitled to statutory damages under Section 1117 of the Lanham Act. (R&R at 10-14.)  The R&R limited plaintiff's requested damages award to a total of $375,000 in statutory damages, or $125,000 for the infringing use of "Landstar" in each of the three defendant's names, on the basis that, "[p]laintiff's request for an award of $2,000,000 per mark is too high in the

---

[1] Citations to page numbers refer to those numbers assigned by the Electronic Filing System ("ECF").

3

'absence of documentation of [d]efendants' profits, evidence of sales from legitimate retailers, or fraud or misconduct before the tribunal.'" (*Id.* at 14 (collecting cases).)

It is well-established that "[t]he obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Fujitsu Ltd. v. Fed. Exp. Corp.*, 247 F.3d 423, 436 (2d Cir. 2001) (citing *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir.1998). A party who fails to preserve and produce evidence it had reason to know would be relevant to a litigation may be liable for sanctions at the discretion of the court. *Id.* Where defendants liable for damages pursuant to a Lanham Act violation fail to produce records to enable an accurate assessment of damages, "defendants must bear the burden of uncertainty," and damages may be calculated using indirect and circumstantial evidence. *Louis Vuitton S.A. v. Spencer Handbags Corp.*, 765 F.2d 966, 972 (2d Cir. 1985) (citation omitted).

"When a party frustrates proof of damages, either by withholding facts or through inaccurate record-keeping, any doubts about the actual assessment of damages will be resolved against that party, and the fact-finder may calculate damages at the highest reasonably ascertainable value." *Chesa Int'l, Ltd. v. Fashion Assocs., Inc.*, 425 F. Supp. 234, 238 (S.D.N.Y.),

4

*aff'd,* 573 F.2d 1288 (2d Cir. 1977)(holding that "the Special Master was correct in computing defendants' profits on the basis of those sales which possibly infringed plaintiff's mark, where defendant was unable to elicit satisfactory evidence that not all those sales were infringing"); *accord Louis Vuitton S.A.*, 765 F.2d at 973; *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 94 (2d Cir. 2012) (holding that where defendants in the district court proceeding produced "limited records, accountings, and sales invoices" failure to do so invited an inference of "massive" infringement).

When a defendant faces a statutory damages award less than what would be awarded in actual damages, "he or she . . . has the incentive to frustrate ascertainment of the actual amount of the damages." *Louis Vuitton S.A.*, 676 F.3d at 94, 110-111 (affirming district court award of $3,000,000 in statutory damages and over $500,000 in attorneys' fees and costs where defendants in the district court proceeding produced insufficient data to facilitate the calculation of actual damages). In *Louis Vuitton S.A. v. Spencer*, the court found that where defendants were "evasive and uncooperative", the court use indirect evidence to calculate damages. 765 F.2d at 973.

Magistrate Judge Scanlon acknowledged, and it is apparent to this court, that plaintiff's inability to adduce

5

detailed evidence in support of a damages award is "wholly a problem of the Defendants' creating." (R&R at 8.) Defendants' failure to comply meaningfully with the damages discovery ordered by the court and their destruction and disposal of financial records, after the litigation commenced following plaintiff's cease and desist letters, prevented plaintiff from ascertaining the precise amount of damages plaintiff is entitled to recover. The fact that "the records submitted in support of [p]laintiff's request for an award of profits based on Defendants' gross revenue are unreliable" is a direct result of defendants' failure to preserve documentation relevant to the litigation. (R&R at 8-9.) Defendants, facing a statutory damages award that might be less than the actual damages they caused, had incentive to, and did, frustrate plaintiff's and this court's ability to precisely determine actual damages. *Louis Vuitton Malletier S.A.*, 676 F.3d at 110-11.

On May 31, 2017, the court granted plaintiff's summary judgment motion against defendants on plaintiff's Lanham Act and state common law claims, including unfair competition. (ECF No. 57, Oral Argument Tr. ("Tr."), at 65:1-68:13). On August 29, 2017, the court so ordered a Permanent Injunction enjoining defendants from "from further use of the name 'American Landstar', any other name that incorporates either of 'Landstar' or 'Roadstar,' and any other name involving a combination of the

6

words 'Land' and 'Star' or 'Road' and 'Star.'" (*See* ECF No. 58, Permanent Injunction Order, at 1-2.)

On September 12, 2017, plaintiff wrote to inform the court that defendants were not in compliance with the Permanent Injunction, as they failed to change the names of the infringing businesses. (*See* ECF No. 60, Compliance Letter.) By letter dated October 3, 2017, defendants informed the court that they were in the process of complying with the Permanent Injunction and (1) were no longer operating under the name "Landstar", (2) had filed final tax returns for American Landstar Logistics Corp. and Eagle Landstar Motor Freight, and (3) were in the process of dissolving the entities American Landstar Motor Trans Inc. and American Landstar Transportation Inc. (*See* ECF No. 67, Compliance Letter.) Magistrate Judge Scanlon ordered the parties to conduct damages discovery and set a schedule for briefing a Motion for Damages in connection with the summary judgment decision. (*See* ECF No. 69, Conference Order Dated November 7, 2017, at 2.)

Defendants' limited discovery responses indicated that defendants either destroyed or discarded responsive documents during the course of this litigation and after the Court entered a permanent injunction against defendants. (*See* ECF No. 77-3, Scher Dec., Ex. C, Def. Responses to Document Requests, at ¶¶ 1, 2, 5-9, 11-13, 18, 20-21; ECF No. 77-4, Scher Dec., Ex. D, Def.

7

Responses Interrogatories, at ¶ 4.) For example, plaintiff served interrogatories asking defendants to "describe the total sales and revenues for each of the Defendants by year." (*See* ECF No. 77-2, Scher Dec., Ex. B, Plaintiff's Interrogatories, at 7.) Defendants responded:

> *Since the Defendant corporations are now defunct* there are no documents regarding sales and revenues other than the tax returns provided to Plaintiff in response to Plaintiff's discovery demands. The tax returns provided to Plaintiff are the only documents in Defendants' possession regarding Defendants' total sales and revenues since *all other related documents have been discarded or destroyed by former employees, in the ordinary course of business, when Defendants ceased operations.*

(*See* Def. Responses to Interrogatories, at ¶ 4 (emphasis added).) Plaintiffs also asked defendants to "describe all sources of income for each of the Defendants, including but not limited to identifying any parties paying money to Defendants." (Plaintiff's Interrogatories at 8.) In response, defendants stated:

> The Defendant corporations are defunct and no longer operating. *There is currently no source of income to Defendants and any documents relating thereto have been discarded and destroyed by former employees, in the ordinary course of business, when Defendants ceased operations.*

(*See* Def. Responses to Interrogatories, at ¶ 5 (emphasis added).)

Defendants responses to almost all of plaintiff's discovery requests stated, in essence, that the defendants were

not in possession of the requested documents as relevant documents were "lost, discarded or destroyed by [defendants'] former employees, in the ordinary course of business, when Defendants ceased conducting business." (*See* Def. Responses to Document Requests at ¶¶ 1, 2, 5-9, 11-13, 18, 20-21.) To the extent that defendants produced financial documents, the documents were largely unaudited, unsigned and produced without description. (*See* R&R at 4 n.1.) Further, defendants, based on their own financial statements and statements during litigation, did not cease conducting business until after the litigation commenced and a decision finding defendants liable was issued. By that that time, defendants' duty to preserve evidence had attached.

In response to plaintiff's complaints regarding defendants' damages discovery responses, defendants responded that no documents were destroyed during the course of the litigation, and other financial documents had already been produced. (*See* ECF No. 73, Status Letter Dated March 22, 2018, at 1-2.) However, defendants provided no evidence supporting their claim that documents responsive to the Motion for Damages were already produced or were destroyed prior to the litigation. Further defendants' claim contradicted the responses they provided during damages discovery regarding the destruction or disposal of documents when the defendants' businesses stopped

9

operating.  Further, defendants' duty to preserve documents arose, at the latest, on November 29, 2011, when plaintiff first served defendant American Landstar with a cease and desist letter notifying defendant of its infringement of Landstar's mark. (*See* Tr. 43:21-44:19.)

Moreover, the failures in discovery appear to be part of defendants' pattern of noncompliance or misconduct before the court (1) in self-serving contradictory affidavits submitted during summary judgment motion practice, (Tr. at 28:9–29:18, 41:20-42:23, 44:13-51:1), (2) in defendants' repeated failure to promptly comply with the Permanent Injunction, (ECF No. 60, Status Letter Dated September 12, 2017; ECF No. 65, Status Letter Dated October 25, 2017), and (3) in defendants' failure to comply with the court-ordered briefing schedule for plaintiff's Motion for Damages.  (*See* Docket Order Dated November 7, 2017 (setting briefing schedule for motion for damages with plaintiff to serve the motion by April 2, 2018. defendant to serve an opposition by May 2, 2018 and plaintiff to reply by May 16, 2018); Docket Order Dated July 17, 2018 (granting *sua sponte* extension of time for defendant to file opposition to motion for damages).)

Plaintiff provided the court with copies of the documentation of defendants' profits, specifically:  American Landstar's unsigned tax returns for 2012, 2014, 2015 and 2016;

10

an "Apex Capital Corp Client Summary" for 2009 through 2016; and
Profit & Loss statements for the years 2009 through 2016. (*See*
ECF No. 77, Scher Decl. ¶ 11; Scher Decl., Exs. E-J.)  The
profits disclosed by defendants are included in the chart below.

| | **Revenue Figures Provided by Defendants in Discovery** | | |
|---|---|---|---|
| | **Tax Returns (gross sales and total income)** | **Profit and Loss Statements (gross profit and net income)** | **Apex Capital Corp Client Summary (gross cash disbursements)** |
| **2009** | | **-$34,352.37** (net income) | **$309,828.29** |
| **2010** | | **$1,756,045.51** (gross profit) **$381,821.85** (net income) | **$1,625,757.03** |
| **2011** | | **$1,970,247.90** (gross profit) **$358,850.69** (net income) | **$1,796,852.84** |
| **2012** | **$1,089,300** (gross sales) **$299,795** (total income) | **$1,293,640.63** (gross profit) **-$145,222.87** (net income) | **$1,523,316.77** |
| **2013** | | **$20,453.67** (gross profit) **-$346,889.20** (net income) | **$1,497,242.47** |
| **2014** | **$897,667** (total income) | **$1,183,923.59** (gross profit) **-$254,108.24** (net income) | **$1,642,127.63** |
| **2015** | **$1,199,157** (total income) | **$910,603.38** (gross profit) **-$533,350** (net income) | **$1,715,005.59** |
| **2016** | **$398,999** (gross sales) **$306,279** (total income) | **$469,410.47** (gross profit) **$16,770.83** (net income) | **$557,766.30** |

"The Lanham Act authorizes statutory damages awards of 'not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.'" (R&R at 10 (citing 15 U.S.C. § 1117(c)(2)).) In assessing a proper amount of damages, the court has considered the factors set forth in the R&R, including:

> (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant.

(*See R&R* at 10 (citing *Fitzgerald Publ'g. Co., Inc. v. Baylor Publ'g. Co.*, 807 F.2d 1110, 1116-17 (2d Cir. 1986)).) No one factor is dispositive, and "courts maintain wide discretion in determining an award of statutory damages." *Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*, 176 F. Supp. 3d 137, 165 (E.D.N.Y. 2016) (citing 807 F.2d at 1116-17). The balance of the seven factors weighs in favor of plaintiff. The first, fourth, fifth, sixth and seventh factors weigh in favor of granting a significant award.

With regard to the first factor, the financial documentation of defendants' profits submitted by plaintiff was inconsistent and incomplete, due to defendants' misconduct in

failing to preserve documents during the course of litigation. Plaintiff's documentation, however, provides relatively consistent figures for gross profits of over one million dollars for the years 2010, 2011, 2012, 2014 and 2015, and gross profits of over $300,000 in 2009 and $500,000 2016. Taking a conservative view of the profit figures provided by defendants, without deductions for costs, defendants collectively obtained at least $7,000,000 in profits.[2] Accordingly, the court finds that the first factor weighs in favor of plaintiff. As to the second and third factors, the record includes no specific information regarding plaintiff's lost revenues or a monetary valuation of the infringed "Landstar" trademark.

Applying the fourth and seventh factor, the principles of specific and general deterrence weigh in favor of a significant award to prevent future instances of willful infringement. "[T]he goal of deterring similar conduct generally requires a significant award." *Coach, Inc. v. O'Brien*, No. 10-CV-6071, 2012 WL 1255276, at *14 (S.D.N.Y. Apr. 13, 2012) (citing *Louis Vuitton Malletier, S.A. v. LY USA,* No. 06-CV-13463, 2008 WL 5637161, at *2 (S.D.N.Y. Oct.3, 2008). Factor five and six also weigh heavily in plaintiff's favor. Defendants' conduct was willful and defendants did not cooperate

---

[2] As defendants have offered no evidence to the court regarding that costs and deductions the court should credit against their profits the court finds defendants have failed to establish costs and deductions.

in providing records necessary to assess damages.  Based on a balancing of the seven factors, the court finds, as Magistrate Judge Scanlon did in the R&R, that plaintiff is entitled to a significant award of statutory damages.  (R&R at 10-11.)

The court respectfully disagrees with Magistrate Judge Scanlon's reliance on cases related to large statutory damages awards for "high-value, widely distributed marks" to determine that plaintiff is not entitled to such an award.  (*See* R&R at 12-14.)  Plaintiff's marks were willfully infringed, and defendants profited as a result.  None of the cases cited in the R&R require — and it is the court's position that plaintiff need not have — a globally known and exclusive mark like "Nike" or "Louis Vuitton" to receive damages at the statutory maximum.

The court awards plaintiff $6,000,000 in statutory damages — $2,000,000 for the infringing use of "Landstar" in each of the three defendant's names — as (1) plaintiff is entitled to statutory damages, (*See* R&R at 9-10), (2) a reasonable estimation of profits is at least $7,000,000, (3) a significant damages award will signal to repeat willful infringers like defendants that infringing trademarks will result in significant damages, (4) defendants' conduct was consistently willful, and (5) defendants not only failed to cooperate in providing records, but actually destroyed or disposed of the records knowing that they were needed to fully

14

assess damages.  (*See* R&R at 10 (citing *Fitzgerald Publ'g. Co.*, 807 F.2d at 1116-17).)

### b. **Plaintiff Is Entitled to an Award of Attorneys' Fees and Costs**

The court adopts Magistrate Judge Scanlon's recommendation for an award of attorneys' fees and costs as this is an exceptional and egregious case. (*See* R&R at 15; *see also* ECF No. 58, Order for Entry of Permanent Injunction; ECF No. 60, Notice of Failure to Comply with Permanent Injunction; ECF No. 67, Notice of Dissolution of Infringing "Landstar" Entities.) Under the Lanham Act, the Court may award reasonable attorneys' fees and costs to the prevailing party in "exceptional cases," 15 U.S.C. § 1117(a), and "on evidence of fraud or bad faith." *Gordon & Breach Sci. Publishers S.A. v. Am. Inst. of Physics*, 166 F.3d 438, 439 (2d Cir. 1999) (collecting cases).  The court granted plaintiff's summary judgment motion and found that defendants infringed plaintiff's marks willfully and in bad faith.  (Tr. at 65:1-68:13.)  As such, an award of reasonable attorneys' fees and costs is appropriate.

Plaintiff has already submitted contemporaneous time entries and billing records of counsel for litigation of this action.  (*See* Scher Decl. at ¶ 20). Within fourteen (14) days of this decision, plaintiff is ordered to submit supporting papers for their request for attorneys' fees and costs that include an

itemized list of costs incurred for the litigation and any supporting documentation.

###  III.  CONCLUSION

For the reasons stated in this memorandum and order, plaintiff's motion for damages is granted, and the amount of the award recommended in Magistrate Judge Scanlon's R&R is modified as follows: plaintiff is awarded $2,000,000 as against each defendant, for a total of $6,000,000 in statutory damages. The court finds that an award of attorneys' fees and costs is appropriate and plaintiff shall submit supporting papers requesting attorneys' fees and costs within fourteen days of the date of this decision.  The Clerk of Court is directed to enter judgment in favor of plaintiff.

**SO ORDERED.**

Dated:     March 13, 2019
           Brooklyn, New York

/s/
**Hon. Kiyo A. Matsumoto**
United States District Judge
