UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------- X

LANDSTAR SYSTEM, INC.,       :

        :

         Plaintiff,       :

        :     **REPORT AND RECOMMENDATION**

     - against -       :

        :      15 Civ. 7179 (KAM) (VMS)

AMERICAN LANDSTAR LOGISTICS CORP.,   :

AMERICAN LANDSTAR MOTOR TRANS       :

INC., f/k/a AMERICAN LANDSTAR        :

TRANSPORT INC. and AMERICAN         :

LANDSTAR TRANSPORTATION INC.,       :

        :

        Defendants.      :

--------------------------------------------------------- X

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Landstar System, Inc. ("Plaintiff" or "Landstar") brought this action against

defendants American Landstar Logistics Corp., American Landstar Motor Trans Inc. f/k/a

American Landstar Transport Inc., and American Landstar Transportation Inc. (the

"Defendants"), alleging, among other things, trademark infringement and false designation of

origin under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).  District Judge Kiyo A.

Matsumoto granted summary judgment in favor of Plaintiff.  Dkt. Entry 5/31/17; ECF No. 57,

Transcript ("Tr."), 38:8-10.

Plaintiff moved for damages, attorneys' fees and costs, and punitive damages (ECF Nos.

75-77), and the motion was referred to the undersigned by District Judge Kiyo A. Matsumoto

(Dkt. Entry 10/12/18).  This Court issued a report and recommendation recommending that

Plaintiff be awarded statutory damages under the Lanham Act, as well as reasonable attorneys'

fees and costs.  ECF No. 79  The Honorable Matsumoto adopted the report and recommendation

with modification as to the amount of statutory damages. ECF No. 81. The Court also directed Plaintiff to submit supporting papers for its motion for attorneys' fees and costs. Id.

Now before this Court on referral is Plaintiff's supplemented motion for attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a). Plaintiff seeks $222,269.00 in attorneys' fees and $6,973.80 in costs, for a total amount of $229,242.80. Defendants have not opposed Plaintiff's motion.

District Judge Kiyo A. Matsumoto referred Plaintiff's motion to this Court for a report and recommendation. Based on Plaintiff's submissions and for the reasons stated below, the Court respectfully recommends that the Plaintiff be awarded $111,549.15 in attorneys' fees and $4,836.63 in costs, for a total of $116,385.78.

## I.    BACKGROUND AND RELEVANT PROCEDURAL HISTORY

### A. The Court Granted Summary Judgment In Plaintiff's Favor

Plaintiff was granted summary judgment on its claims for direct and contributory federal trademark infringement, unfair competition and false designation of origin under Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), as well as for New York common law trademark infringement and unfair competition claims.[1] Dkt. Entry 5/31/17; ECF No. 57, Tr. 38:8-10. The Court noted Plaintiff's repeated steps to put Defendants on notice of its objections to Defendants' use of Plaintiff's mark. Tr. 43:3-52:2. The Court further held that Plaintiff's registered mark of "Landstar" is incontestable under 15 U.S.C. § 1165, and that Defendants failed to meet their burden of rebutting the mark's protectability. Tr. 54:2-13. The Court also held that no reasonable jury could find that Defendants' use of Plaintiff's registered mark did not

---

[1] Plaintiff did not move for summary judgment on its claim for violation of the New York General Business Law Section 360-k. ECF Nos. 31-35. At oral argument on the motion, Plaintiff's counsel expressed an intent to withdraw the claim. Tr. 75:10-14.

create a strong likelihood of confusion. Tr. 71:14-18. The Court concluded that, "[D]efendants willfully ignored [P]laintiff's attempts to warn the [D]efendants of the infringement" upon Plaintiff's registered trademark (Tr. 66:21-24) and that Defendants used Plaintiff's mark in "bad faith" (Tr. 67:14-25, 68:8-13).

### B. Plaintiff Was Awarded Statutory Damages, Attorneys' Fees And Costs

Plaintiff moved for damages pursuant to 15 U.S.C. § 1117 seeking trebled actual damages of $31,985,256.51 or $6,000,000.00 in statutory damages. ECF Nos. 75-77. Plaintiff also moved for attorneys' fees and costs, as well as for punitive damages. Id. Defendants did not oppose Plaintiff's motion.

The Court awarded Plaintiff $6,000,000.00 in statutory damages, or $2,000,000.00 as against each defendant. ECF No. 81 at 16. The Court further directed Plaintiff to submit supporting papers for its request for attorneys' fees and costs that includes an itemized list of costs incurred for the litigation and any supporting documentation. Id. at 15-16.

Plaintiff complied with this Order and submitted documents in support of its motion for attorneys' fees and costs as directed by the Court. ECF No. 82. Plaintiff contends it has incurred $6,973.80 in costs. Id. ¶ 7. Plaintiff also contends it has incurred $232,372.50 in attorneys' fees but admits that its time records include duplicate entries which justify lowering the estimate of attorneys' fees to $222,269.00. Id. ¶¶ 17-21.

The Honorable Matsumoto referred Plaintiff's motion for attorneys' fees and costs to this Court for a report and recommendation.

## II.     DISCUSSION

### A.  This Is An "Exceptional Case" Warranting Attorneys' Fees And Costs To Plaintiff

The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a).  In 2014, the Supreme Court interpreted an identical attorneys' fees provision found in the Patent Act, 35 U.S.C. § 285.  See Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545 (2014).  In Octane Fitness, the Court defined an "exceptional case" as "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Id. at 554.

This Court previously held that Plaintiff is entitled to an award of attorneys' fees and costs because the District Court's finding that Defendants willfully and in bad faith infringed on Plaintiff's marks made this an "exceptional case" under the then-prevailing standards.  ECF No. 79 at 15.  To the extent that a party's bad faith and willful infringement are no longer determinative of a plaintiff's entitlement to attorneys' fees under the Lanham Act, this Court will assess the additional factors laid out by the Supreme Court in Octane Fitness, 572 U.S. at 554 n.6 (including "frivolousness, motivation, objective unreasonableness and . . . advanc[ing] considerations of compensation and deterrence"), to determine whether this case qualifies as "exceptional."  After considering the totality of the circumstances and applying the Octane Fitness considerations, this Court respectfully recommends that this case remain an "exceptional case."

First, the substantive strength of Plaintiff's litigating position was strong.  Plaintiff demonstrated that its registered mark of "Landstar" is incontestable under 15 U.S.C. § 1165.  See ECF No. 57, Tr. 54:2-13.  Plaintiff submitted evidence of actual confusion between Plaintiff's

4

company and Defendants' companies.  Tr. 61:10-65:7.  Plaintiff also detailed Defendants'

continued use of Plaintiff's mark despite multiple cease-and-desist letters and other attempts by

Plaintiff to protect the mark.  Tr. 43:3-51:24.  See, e.g., Next Realty, LLC v. Next Real Estate

Partners, 16 Civ. 6327 (JS) (GRB), 2019 WL 1757781, at *5 (Mar. 11, 2019) ("In this case, the

evidence of defendants' extensive use of plaintiff's mark, which continued after the

commencement of litigation, combined with the default, renders this an exceptional case

warranting an award of fees."), R&R adopted, 2019 WL 1758447 (E.D.N.Y. Mar. 26, 2019).

Second, Defendants frustrated the litigation process.  On November 7, 2017, this Court ordered

the parties to conduct damages discovery.  ECF No. 69.  Still, Defendants failed to engage

meaningfully in the damages discovery ordered by the Court.  Defendants destroyed or discarded

many responsive documents that prevented Plaintiff from obtaining discovery related to

damages.  ECF No. 77-3, Scher Dec., Ex. C, Def. Responses to Doc. Requests ¶¶ 1-2, 5-9, 11-13,

18, 20-21; ECF No. 77-4, Scher Dec., Ex. D, Def. Responses to Interrogatories ¶ 4.  To the

extent that Defendants produced responsive documents, they were largely inconsistent and

incomplete.  See ECF No. 79 at 6-7.  For example, Defendants' tax returns showed a taxable

revenue of $897,667.00 in 2014, Defendants' "Profit & Loss" statements showed a revenue of

$1,188,445.59 in 2014, and Defendants' "Apex Capital Corp Client Summary" documents

showed a revenue of $1,642,127.63 in 2014.  Compare Scher Decl., Ex. F with Scher Decl., Ex. I

and Scher Decl., Ex. J.  Third, as noted by District Judge Kiyo A. Matsumoto, Defendants

displayed a pattern of noncompliance or misconduct before the Court.  ECF No. 81 at 10.  After

the Court issued a permanent injunction enjoining Defendants from further use of Plaintiff's

mark, Defendants continued to use the mark.  ECF Nos. 58, 60.  On multiple occasions,

Defendants made self-serving statements contradicting previous sworn statements, as

demonstrated by Defendants' submissions during summary judgment motion practice.  Tr. 28:9-29:18, 41:20-42:23, 44:13-51:1.  Defendants also failed to comply with the Court-ordered briefing schedule for Plaintiff's motion for damages.  Dkt. Entry 11/7/17 (setting briefing schedule for motion for damages); Dkt. Entry 7/17/18 (granting sua sponte extension of time for Defendants to file opposition to motion for damages).

The record here is rife with evidence of the unreasonable manner in which Defendants litigated the case, only some but not all of which is discussed above.  Upon consideration of the totality of the circumstances under the Octane Fitness standard, this Court continues to recommend that this is an "exceptional case" under Section 1117(a) of the Lanham Act.

Although a court may exercise its discretion to deny an award of attorneys' fees and costs, see Lifeguard Licensing Corp. v. Kozak, 371 F. Supp. 3d 114, 129 (S.D.N.Y. 2019) ("The statutory provision is permissive, not prescriptive."), this Court believes an award of attorneys' fees and costs is appropriate here as it furthers the goals of the Lanham Act, including the deterrence of any further willful bad-faith conduct by Defendants or other possible infringers.  Therefore, this Court also continues to recommend that Plaintiff be awarded attorneys' fees and costs.

**B.  Plaintiff Should Be Awarded Adjusted Attorneys' Fees**

Once the court has decided a party is entitled to fees, it must next determine the presumptively reasonable fee.  See Comm'r, I.N.S. v. Jean, 496 U.S. 154, 161 (1990); Lifeguard Licensing, 371 F. Supp. 3d at 130.  To assess the amount of a reasonable fee, courts determine the reasonable hourly rate, taking into consideration case-specific factors, then multiply the reasonable hourly rate by the reasonable number of hours worked.  See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Albany, 522 F.3d 182, 186, 190 (2d Cir. 2008).  The reasonable

6

hourly rate is "the rate prevailing in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Farbotko v. Clinton Cnty. of N.Y., 433 F.3d 204, 209 (2d Cir. 2005) (internal citation omitted); see Polk v. N.Y. State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983) (explaining that "community" is the district where the court sits). The court may rely on its own familiarity with prevailing rates in the district. See Farbotko, 433 F.3d at 209. The court is also to consider the evidence offered by the parties in determining a reasonable hourly rate. Id. The party seeking fees bears the burden of showing, by "satisfactory evidence," that the requested hourly rates are reasonable, see id., and of establishing that the number of hours for which it seeks compensation is reasonable, Cruz, 34 F.3d at 1160 (2d Cir. 1994) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)). "Satisfactory evidence" may include affirmations of other attorneys practicing in the same area of law demonstrating the rates of the community, Volpe v. Nassau Cnty., No. 12 Civ. 2416 (JFB) (AKT), 2016 WL 6238525, at *7 (E.D.N.Y. Oct. 24, 2016), the firm's resume describing the firm's experience and reputation; Weston v. TechSol, LLC, No. 17 Civ. 0141 (CLP), 2018 WL 4693527, at *7 (E.D.N.Y. Sept. 26, 2018); and a lawyer's resume describing his skill and experience, Capone v. Patchogue-Medford Union Free Sch. Dist., No. 04 Civ. 2947 (JS) (MLO), 2011 WL 743573, at *2 (E.D.N.Y. Feb. 23, 2011). As the Supreme Court emphasized, the "trial courts need not, and indeed should not, become green-eyeshade accountants" in the determination of fees. Fox v. Vice, 563 U.S. 826, 838 (2011). There is no precise formula for assessing the reasonableness of fees. See Hensley, 461 U.S. at 436. Therefore, the resolution of this issue is committed to the sound discretion of the court. Id.

This Court respectfully recommends that Plaintiff's request for fees should be reduced. Davis & Gilbert's hourly rates should be reduced to the median rate within the range of

prevailing rates for intellectual property cases in this District because counsel's requested rates are significantly higher than the average prevailing rates, and Davis & Gilbert failed to provide the Court with any information to justify compensating the individuals at their requested rate. Further, the number of Davis & Gilbert's hours should be reduced by ten percent because counsel's submission shows that the firm requests compensation for hours that are redundant, excessive and unreasonable.

### 1. Plaintiff's Counsel's Hourly Rates Should Be Reduced

Plaintiff hired Davis & Gilbert LLP ("Davis & Gilbert") of New York to represent it in this action. See ECF No. 82, Scher Decl. ¶ 1. Davis & Gilbert asserts that, through February 28, 2019, Plaintiff incurred $232,372.50 in attorneys' fees. Id. ¶¶ 17, 20. Davis & Gilbert admits that certain time spent on this action was duplicative, justifying a reduction of attorneys' fees. Id. ¶¶ 18, 21. Thus, Davis & Gilbert only seeks $222,269.00 in attorneys' fees. Id. ¶ 23. In support of its motion for fees, Davis & Gilbert provides two sets of billing records: the first for the period between November 2015 and February 2018 (ECF No. 82-18, Scher Decl., Ex. R), and the second for the period between March 2018 and January 2019 (ECF No. 82-19, Ex. S).

The billing records provided by Davis & Gilbert show that, between 2015 and 2019, a total of 13 individuals worked on this case. See ECF No. 82-18, Scher Decl., Ex. R; ECF No. 82-19, Ex. S. Based on these billing records, this Court created the chart below of the names of each individual and his or her billing rates[2]:

---

[2] It appears from the billing records that Davis & Gilbert increased the billing rates of every individual each year. This Court notes the latest rate charged by the individual for working on this case.

| Name | Rate |
|------|------|
| Cohen, Steven | $240.00 |
| Cruz, Michael | $230.00 |
| DiNardo, Chris | $230.00 |
| Dingerson, Daniel | $560.00 |
| Eframian, Karina | $230.00 |
| Fisher, Jonathan | $240.00 |
| Harvey, Christopher | $235.00 |
| Heatherton, John | $250.00 |
| Katz, Jeffrey C. | $695.00 |
| Klausner, Neal H. | $720.00 |
| Lustbader, Brandi | $440.00 |
| Panebianco, Lisa | $240.00 |
| Scher, Ina Beth | $710.00 |

This Court, relying on the publicly available website of the New York State Unified Court System, has taken judicial notice of whether any of these individuals are attorneys admitted to the bar of New York and, if so, their dates of admission. See, e.g., Himmelfarb v. Nat'l Bureau Collection Corp., No. 17 Civ. 4744 (MKB) (PK), 2018 WL 4921662, at *3 (E.D.N.Y. Aug. 10, 2018) (citing Cruz v. Credit Control Svcs., Inc., No. 17 Civ. 1994 (ADS) (GRB), 2017 WL 5195225 (E.D.N.Y. Nov. 8, 2017)) (noting court's ability to take judicial notice of attorney registration). The chart set forth above is updated to include the years of admission, if any, for the 13 individuals who worked on this case:

| Name | Rate | Year |
|------|------|------|
| Cohen, Steven | $240.00 | |
| Cruz, Michael | $230.00 | |
| DiNardo, Chris | $230.00 | |
| Dingerson, Daniel | $560.00 | 2011 |
| Eframian, Karina | $230.00 | |
| Fisher, Jonathan | $240.00 | |
| Harvey, Christopher[3] | $235.00 | 2018 |
| Heatherton, John | $250.00 | |
| Katz, Jeffrey C. | $695.00 | 1980 |
| Klausner, Neal H. | $720.00 | 1988 |
| Lustbader, Brandi | $440.00 | 2011 |
| Panebianco, Lisa | $240.00 | |
| Scher, Ina Beth | $710.00 | 1993 |

This Court, relying on its general knowledge of private firm attorney classifications, concludes that individuals without any record on the New York State Unified Court System are paralegals or law clerks, that Mr. Dingerson and Ms. Lustbader are associates,[4] and that Mr. Katz and Mr. Klausner are senior associates, of counsel, or partners like Ms. Scher (see ECF No. 82, Scher Decl. ¶ 1). Davis & Gilbert does not provide any other information regarding the individuals who worked on this case.

The lack of evidence to support the requested rates of these individuals who worked on this case leaves the Court unable to evaluate the reasonableness of Davis & Gilbert's particular

---

[3] Mr. Harvey was admitted to practice law in New York in 2018. He worked on this case in 2016 and 2017.

[4] The Court believes that Ms. Lustbader, who only worked on the case in 2015 (ECF No. 82-18 at 1-3, entries with "BXL") was a junior associate while working on this case. The Court believes that Mr. Dingerson, who worked on the case between 2016 and 2019 (ECF No. 82-18 at 4-29, entries with "DD"; ECF NO. 82-19 at 1-5, entries with "DD"), was a junior associate for the earlier half of the case and a senior associate for the latter half of the case. For purposes of this motion, this Court considers Mr. Dingerson to be a senior associate.

rates.  Instead, the Court turns to rates usually awarded for similar work in the Eastern District of New York.

In our jurisdiction, rates in intellectual property cases generally range from $300 to $450 for partners, $200 to $300 for senior associates, $100 to $200 for junior associates, and $70 to $100 for paralegal assistants.  See, e.g., JMC Rest. Holdings, LLC v. Pevida, No. 14 Civ. 6157 (WFK) (VMS), 2018 WL 4189730 at *3 (June 20, 2018), R&R adopted, 2019 WL 4126637 (E.D.N.Y. Aug. 29, 2019); see also Zuffa, LLC v. South Beach Saloon, Inc., No. 15 Civ. 6355 (ADS) (AKT), 2019 WL 1322620, at *6 (Mar. 6, 2019), R&R adopted, 2019 WL 1317568 (E.D.N.Y. Mar. 22, 2019); Mitchell Grp. USA LLC v. Udeh, No. 14 Civ. 5745 (DLI) (JO), 2017 WL 9487193, at *10 (Mar. 8, 2017), R&R adopted, 2017 WL 3208532 (E.D.N.Y. July 28, 2017).  But see Broad. Music, Inc. v. Pamdh Enters., Inc., No. 13 Civ. 2255 (KMW), 2014 WL 2781846, at *7 (S.D.N.Y. Jun 19, 2014) (collecting cases in the Southern District awarding up to $735 per hour for partners in copyright and trademark cases).  Higher rates have been awarded in certain intellectual property cases where the attorneys' skills, qualifications and experience justified higher hourly rates.  See, e.g., Crye Precision LLC v. Bennettsville Printing, No. 15 Civ. 221 (FB) (RER), 2019 WL 6388636, at *8 (Aug. 13, 2019) (awarding $500 per hour for partner, $350 per hour for associate with ten years' experience, $300 per hour for associate with five years' experience for individuals for whom background information was provided), R&R adopted, 2019 WL 4463298 (E.D.N.Y. Sept. 18, 2019); Capital One Fin. Corp. v. Capital One Certified, Inc., No. 18 Civ. 580 (ARR) (RML), 2019 WL 4014839, at*2 (May 14, 2019) (awarding $500 per hour for partners, $350 per hour for senior associate, $100 per hour for paralegals), R&R adopted, 2019 WL 4015258 (E.D.N.Y. May 31, 2019); Prot. One Alarm

Monitoring, Inc. v. Exec. Prot. One Sec. Serv., LLC, 553 F. Supp. 2d 201, 208-09 (E.D.N.Y. 2008) (collecting cases).

A court may use an "out-of-district hourly rate . . . in calculating the presumptively reasonable fee. . . ." Arbor Hill, 522 F.3d at 191. There is a "presumption in favor of [applying] the forum rule." Simmons, 575 F.3d 170, 175 (2d Cir. 2009). "[T]o overcome that presumption, a litigant must persuasively establish that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result." Id. To establish such a likelihood, counsel "must make a particularized showing, not only that the selection of out-of-district counsel was predicated on experience-based, objective factors, but also of the likelihood that use of in-district counsel would produce a substantially inferior result." Id. at 176. "A litigant cannot overcome the presumption through mere proximity of the districts[.]" Id. "This principle applies even where, as here, the forum district is the Eastern District of New York, and plaintiff's attorneys are all based in the same city, albeit in the adjacent Southern District of New York." Gleanson v. Scoppetta, No. 12 Civ. 4123 (RJD) (RLM), 2015 WL 13741857, at * 4 (E.D.N.Y. Dec. 30, 2015).

Where the moving party fails to provide information on the attorneys' and paralegals' backgrounds and professional qualifications, courts use their discretion to award fees at a lower rate than requested. See, e.g., Mister Softee, Inc. v. Konstantakakos, No. 15 Civ. 4770 (SJ)(SMG), 2016 WL 11445964, at *5 (June 27, 2016), R&R adopted, 2016 WL 42500314 (E.D.N.Y. Aug. 11, 2016) (awarding lower rates for attorneys based on failure to provide information regarding specific intellectual property expertise); Prot. One Alarm Monitoring, 553 F. Supp. 2d at 209 (awarding partner $300 per hour and associate $250 per hour where counsel failed to provide information regarding experience levels of attorneys); Phat Fashions LLC v.

Blue Max Corp., No. 01 Civ. 3933, 2005 WL 1221838, at *3 (S.D.N.Y. May 2, 2005) (reducing the attorneys' fees for a trademark infringement action from $54,000 to "a reasonable fee [of] $15,000, which represents fifty hours at an average rate of $300 per hour" where the moving party failed to provide evidence of the attorney's experience, billing rates or tasks performed). More recently, where the parties have failed to provide information on the attorneys' and paralegals' backgrounds and professional qualifications, courts have reduced the requested hourly rate to the lowest rate in the market range. See, e.g., Lu Nan Fan v. Jenny & Richards, Inc., No. 17 Civ. 6963 (WFK) (RLM), 2019 WL 1549033, at *14 (Feb. 22, 2019), R&R adopted, 2019 WL 1547256 (E.D.N.Y. Apr. 9, 2019); Xi Qun Xu v. JNP Bus Serv. Inc., No. 16 Civ. 245 (AMD) (ST), 2018 WL 152799, at *10 (Feb. 26, 2018), R&R adopted in part, rejected in part on other grounds, 2018 WL 1525662 (E.D.N.Y. Mar. 28, 2018) (collecting cases).

Having reviewed the billing records submitted and relevant publicly available information in the context of the relevant prevailing rates in this District, the Court finds Davis & Gilbert's requested billing rates to be high. As discussed above, rates in intellectual property cases in this jurisdiction generally range from $300 to $450 for partners, $200 to $300 for senior associates, $100 to $200 for junior associates, and $70 to $100 for paralegal assistants. See, e.g., JMC Rest. Holdings, LLC, 2018 WL 4189730, at *3. Here, it is apparent that Mr. Dingerson's and Ms. Lustbader's billing rates as associates are higher than is generally awarded even to partners in this District, and the billing rates for the paralegals and law clerks are also higher than rates for associates practicing intellectual property law in this District. Further, Davis & Gilbert failed to provide information regarding the professional qualifications and experience levels of the attorneys and paralegals who performed work on this case. Thus, there is no basis in the record for even awarding the highest rates in the market range. Davis & Gilbert has also failed

to make any showing that the higher rates of the Southern District, the district in which its office is located, should apply to its request for fees.

Even though, in this situation, this Court would be well within its discretion to reduce the requested to $300 for partners, $100 for associates, and $70 for paralegal assistants, this Court finds that awarding the lowest rate in the market range would be a harsh result in light of Davis & Gilbert's showing of professional competence throughout the life of this case and its success for its client.  See Mister Softee, 2016 WL 11445964, at *5.

Instead, this Court believes Davis & Gilbert's billing rates should be reduced to median rates within the applicable ranges.  This Court concludes that the billing rates of each of the individuals who worked on this case should be adjusted as follows:

| Name | Rate | Adjusted Rate |
|------|------|---------------|
| Cohen, Steven | $240.00 | $85.00 |
| Cruz, Michael | $230.00 | $85.00 |
| DiNardo, Chris | $230.00 | $85.00 |
| Dingerson, Daniel | $560.00 | $250.00 |
| Eframian, Karina | $230.00 | $85.00 |
| Fisher, Jonathan | $240.00 | $85.00 |
| Harvey, Christopher | $235.00 | $85.00 |
| Heatherton, John | $250.00 | $85.00 |
| Katz, Jeffrey C. | $695.00 | $375.00 |
| Klausner, Neal H. | $720.00 | $375.00 |
| Lustbader, Brandi | $440.00 | $150.00 |
| Panebianco, Lisa | $240.00 | $85.00 |
| Scher, Ina Beth | $710.00 | $375.00 |

**2. Davis & Gilbert's Hours Should Be Reduced To Exclude Unreasonable, Excessive And Redundant Hours**

According to the billing records, Davis & Gilbert asserts that, through February 28, 2019, attorneys and paralegals expended a total of 454.7 hours on this matter.  ECF No. 82-18, Scher Dec., Ex. R at 30; ECF No. 82-19, Ex. S at 5.  The number of hours billed by each individual on

this case, as reflected in Davis & Gilbert's billing records, is summarized by this Court on the chart below.

| Name | Hours |
|------|-------|
| Cohen, Steven | 0.5 |
| Cruz, Michael | 4.1 |
| DiNardo, Chris | 0.3 |
| Dingerson, Daniel | 269.8 |
| Eframian, Karina | 0.3 |
| Fisher, Jonathan | 0.3 |
| Harvey, Christopher | 5.7 |
| Heatherton, John | 9.2 |
| Katz, Jeffrey C. | 1.3 |
| Klausner, Neal H. | 0.3 |
| Lustbader, Brandi | 11.2 |
| Panebianco, Lisa | 15.2 |
| Scher, Ina Beth | 136.5 |

If this Court were to assume that all 454.7 hours were reasonably billed for the work at issue, Davis & Gilbert would be entitled to attorneys' fees as indicated in the chart below.

| Name | Adjusted Rate | Hours | Total |
|------|---------------|-------|-------|
| Cohen, Steven | $85.00 | 0.5 | $42.50 |
| Cruz, Michael | $85.00 | 4.1 | $348.50 |
| DiNardo, Chris | $85.00 | 0.3 | $25.50 |
| Dingerson, Daniel | $250.00 | 269.8 | $67,450.00 |
| Eframian, Karina | $85.00 | 0.3 | $25.50 |
| Fisher, Jonathan | $85.00 | 0.3 | $25.50 |
| Harvey, Christopher | $85.00 | 5.7 | $484.50 |
| Heatherton, John | $85.00 | 9.2 | $782.00 |
| Katz, Jeffrey C. | $375.00 | 1.3 | $487.50 |
| Klausner, Neal H. | $375.00 | 0.3 | $112.50 |
| Lustbader, Brandi | $150.00 | 11.2 | $1,680.00 |
| Panebianco, Lisa | $85.00 | 15.2 | $1,292.00 |
| Scher, Ina Beth | $375.00 | 136.5 | $51,187.50 |
|  |  | Total | $123,943.50 |

After determining the reasonable hourly rate, a court must evaluate the number of hours reasonably billed for the work at issue in order to arrive at the presumptively reasonable fee.  See Arbor Hill, 522 F.3d at 189-90.  In doing so, the Court should examine the value of the work product and "exclude excessive, redundant, or otherwise unnecessary hours." Concrete Flotation Sys., Inc. v. Tadco Constr. Corp., No. 07 Civ. 319 (ARR) (VVP), 2010 WL 2539771, at *5 (Mar. 15, 2010) (quoting Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 2009)), R&R adopted, 2010 WL 2539661 (E.D.N.Y. June 17, 2010).  "If a court finds that the fee applicant's claim is excessive, or that time spent was wasteful or duplicative, it may decrease or disallow certain hours[.]" Santa Fe Natural Tobacco Co. v. Spitzer, 00 Civ. 7274 (LAP), 00 Civ. 7750 (LAP), 2002 WL 498631, at *3 (S.D.N.Y. Mar. 29, 2002) (citing In re "Agent Orange" Prod. Liab. Litig., 818 F.2d 26, 237 (2d Cir. 1987)).  The Second Circuit does not require courts to undertake a line-by-line review of a party's fee application.  See Marion S. Mishkin Law Office v. Lopalo, 767 F.3d 144, 150 (2d Cir. 2014); Lunday v. Albany, 42 F.3d 131, 134 (2d Cir. 1994) (per curiam).  Instead, a court may "exercise its discretion and use a percentage deduction as a practical means of trimming fat." Marion S. Mishkin Law Office, 767 F.3d at 150 (quoting McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 95 (2 Cir. 2006)); see In re "Agent Orange" Prod. Liab. Litig., 818 F.2d at 237; Black v. Nunwood, Inc., No. 13 Civ. 7207 (CHW), 2015 WL 1958917, at *6 (S.D.N.Y. Apr. 30, 2015).

Here, Davis & Gilbert failed to provide information regarding the reasonableness of the hours worked on this case.  Indeed, even in reducing the fees it seeks from $232,372.50 to $222,269.00 (approximately a five percent reduction in fees), counsel did not submit any documentation to show which hours were excluded.  See generally ECF No. 82, Scher Decl. and accompanying exhibits.  Without the benefit of Davis & Gilbert's input, this Court analyzed

16

Davis & Gilbert's billing records.  The billing records reveal certain issues, requiring a reduction in the hours for which compensation is awarded.

First, as admitted by Ms. Scher in her Declaration, the billing records reflect duplicative time entries.  See ECF No. 82, Scher Decl. ¶¶ 18, 21, 23.  For example, on April 27, 2016, both Mr. Dingerson and Ms. Scher billed 0.2 hours to reviewing a court order and corresponding with Defendants' counsel.  ECF No. 82-18, Scher Dec., Ex. R at 4.  As another example, on January 18, 2018, both Mr. Dingerson and Ms. Scher billed 0.7 hours to reviewing materials from Defendants' counsel and attending a conference call with "M. Woodruff."  Id. at 28.  Such duplicative entries are sprinkled throughout Davis & Gilbert's billing records without any explanation from counsel regarding the reasons or necessity for such duplicative work.  See generally ECF No. 82-18, Scher Dec., Ex. R; ECF No. 82-19, Ex. S.

Next, the billing records include instances where a senior attorney performed work that could reasonably have been performed by an attorney with less experience or where an attorney performed work that could reasonable have been performed by a paralegal professional.  For example, Ms. Scher and Mr. Dingerson, on several occasions, billed for reviewing the Court's docket.  See, e.g., ECF No. 82-18, Scher Dec., Ex. R at 4 (4/27/16 entries), 8 (8/12/16 entry), and 9 (8/25/16 and 8/26/16 entries), 11 (10/17/16 entry), 18 (2/27/17 entry), 21 (6/14/17, 6/27/17, and 7/7/17 entries).  Ms. Scher also billed for conducting legal research (ECF No. 82-18, Scher Dec., Ex. R at 9 (9/22/16 entry), 10 (9/23/16, 9/26/16, 9/27/16, 10/10/16, and 10/13/16 entries), 16 (1/27/17 entry).  There is no explanation from Davis & Gilbert why it is reasonable for these tasks to have been performed by experienced counsel as opposed to an individual with a lower billing rate.  See, e.g., LBBW Luxemburg S.A. v. Wells Fargo Sec. LLC, No. 12 Civ. 7311 (JPO) (KNF), 2016 WL 5812105, at *9 (S.D.N.Y. Sept. 22, 2016) (finding unreasonable the use

of a senior attorney to perform work that could have been performed by an attorney with less experience); E.S. v. Katonah-Lewisboro Sch. Dist., 796 F. Supp. 2d 421, 431-32 (S.D.N.Y. 2011) ("A court may make [across-the-board percentage] reductions when attorneys engage in less skilled work, like filing and other administrative tasks."), aff'd, 487 Fed. App'x 619 (2d Cir. July 6, 2012).

Numerous time entries in the billing records also indicate activities involving multiple attorneys where only one attorney's time entry reflects that such activities occurred. For instance, on March 31, 2016 and March 23, 2018, Ms. Scher billed for conferring with Mr. Dingerson regarding certain motions, but Mr. Dingerson did not include entries to reflect the same. ECF No. 82-18, Scher Dec., Ex. R at 4; ECF No. 82-19, Ex. S at 2. On May 26, 2016, Mr. Katz billed for a discussion "with team" about production of documents, but neither Ms. Scher nor Mr. Dingerson created time entries for such discussion. ECF No. 82-18, Scher Dec., Ex. R at 6. On May 31, 2016, Mr. Klausner billed for a conference with Ms. Scher and Mr. Dingerson, but a corresponding time entry does not exist for either of those individuals. Id. at 7. These discrepancies call into question the accuracy of the time-keeping; whether the tasks were necessary for the prosecution of the case; and whether these hours were (1) reasonably billed (2) at a partner's hourly rate.

Based on these issues, this Court finds it appropriate to reduce the number of hours that Davis & Gilbert billed for working on this case. Although Davis & Gilbert's self-reduction of five percent is a good start, it is inadequate in light of the additional unexplained issues present in counsel's submissions. Thus, this Court respectfully recommends a ten percent reduction from

$123,943.50.[5]  See, e.g., Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (affirming district court's fee reduction of twenty percent in the attorneys' time expenditures "for vagueness, inconsistencies, and other deficiencies in the billing records"); Finkel v. Millennium Fire Servs., LLC, No. 09 Civ. 540 (RRM) (CLP), 2011 WL 866995, at *18-19 (Feb. 16, 2011) (recommending a fifteen percent reduction of hours billed on matter based on inaccuracies and inconsistencies), R&R adopted, 2011 WL 1321986 (E.D.N.Y. Apr. 6, 2011); Barney v. Edison, No. 99 Civ. 823 (DGT) (SMG), 2010 WL 8497627, at *3-4 (Jan. 29, 2010) (recommending across-the-board reduction in fees of fifteen percent), R&R adopted, 2012 WL 911821 (E.D.N.Y. Mar. 16, 2012).  The adjustment in Davis & Gilbert's hours would yield the results reflected in the chart below:

| Name | Adjusted Rate | Hours | Adjusted Hours | Total |
|---|---|---|---|---|
| Cohen, Steven | $85.00 | 0.45 | 0.425 | $38.25 |
| Cruz, Michael | $85.00 | 3.69 | 3.485 | $313.65 |
| DiNardo, Chris | $85.00 | 0.27 | 0.255 | $22.95 |
| Dingerson, Daniel | $250.00 | 242.82 | 229.33 | $60,705.00 |
| Eframian, Karina | $85.00 | 0.27 | 0.255 | $22.95 |
| Fisher, Jonathan | $85.00 | 0.27 | 0.255 | $22.95 |
| Harvey, Christopher | $85.00 | 5.13 | 4.845 | $436.05 |
| Heatherton, John | $85.00 | 8.28 | 7.82 | $703.80 |
| Katz, Jeffrey C. | $375.00 | 1.17 | 1.105 | $438.75 |
| Klausner, Neal H. | $375.00 | 0.27 | 0.255 | $101.25 |
| Lustbader, Brandi | $150.00 | 10.08 | 9.52 | $1,512.00 |
| Panebianco, Lisa | $85.00 | 13.68 | 12.92 | $1,162.80 |
| Scher, Ina Beth | $375.00 | 122.85 | 116.025 | $46,068.75 |
|  |  |  | Total | $111,549.15 |

This Court respectfully recommends an attorneys' fee award of $111,549.15.

---

[5] The ten percent reduction does not take into account Davis & Gilbert's self-reduction of five percent.  Davis & Gilbert submitted billing records for 100% of its hours, so this Court had to analyze the reasonableness of counsel's fees as though Davis & Gilbert were seeking $232,372.50, as opposed to $222,269.00.  See generally ECF No. 82-18, Scher Decl.

### 3.  Davis & Gilbert Is Entitled To Attorneys' Fees For State Law Claims

In addition to its Lanham Act claims, Plaintiff here asserted three New York common law claims:  Fourth Cause of Action for trademark infringement, Fifth Cause of Action for unfair competition, and Sixth Cause of Action for violation of New York GBL § 360-k.  ECF No. 1 at ¶¶ 58-74.  These common law claims are based on the same facts as the Lanham Act claims.  See generally ECF No. 1.

The general rule is that "[t]he prevailing party in a multi-claim case which includes both Lanham Act and non-Lanham Act counts should be entitled to attorney fees only for work expended in prosecuting or defending the Lanham Act counts."  Sleepy's LLC, 222 F. Supp. 3d at 176, (quoting N.Y. State Soc. of Certified Pub. Acct. v. Eric Louis Assocs., Inc., 79 F. Supp. 2d 331, 353 (S.D.N.Y. 1999)).  District courts in this Circuit have held that recovery of legal fees for work performed on non-Lanham Act claims is permitted where the Lanham Act claims and non-Lanham Act claims are "so intertwined that it is impossible to differentiate between work done on them."  New Sensor Corp. v. CE Distr. LLC, 367 F. Supp. 2d 283, 292 n. 7 (E.D.N.Y. 2005) (internal citation & quotation marks omitted); see Eric Louis Assocs., 79 F. Supp. 3d at 353 (noting that the court may award the entirety of the prevailing party's attorneys' fees where "the claims are so intermingled that the factual basis and the legal theories are essentially the same")  (internal citation & quotation marks omitted).

It is well-established that the common law claims of trademark infringement, unfair competition, and GBL § 360-k are analyzed in a similar fashion as they are under the federal law, insofar as they require a plaintiff to prove that the defendant's use of the mark is likely to cause confusion.  See, e.g., N.Y. Gen. Bus. Law § 360-k(a) (liability for trademark infringement where a person's use of another's mark "is likely to cause confusion"); E.A. Sween Co. v. A &

<u>M Deli Express Inc.</u>, No. 17 Civ. 2514 (RJD) (RML), 2018 WL 1283682, at *8 (Mar. 9, 2018), <u>R&R adopted</u>, 2018 WL 4344951 (E.D.N.Y. Sept. 11, 2018), <u>aff'd</u>, 787 Fed. App'x 780 (2d Cir. Sept. 30, 2019) ("New York state trademark infringement and unfair competition claims brought under NY GBL § 360-k are analyzed in a similar fashion as they are under federal law[.]"); <u>Van Praagh v. Gratton</u>, 993 F. Supp. 2d 293, 301 (E.D.N.Y. 2014) ("Courts employ substantially similar standards when analyzing claims for trademark infringement under the Lanham Act . . . trademark infringement under New York common law; and unfair competition under New York common law."). District Judge Matsumoto made this point in analyzing Plaintiff's entitlement to summary judgment. Tr. 52:20-22.

Here, Plaintiff's common law claims are inexorably intertwined with the Lanham Act claims because the factual bases and the legal theories for the claims are essentially the same. This Court finds that the hours Davis & Gilbert spent on legal work that furthered the state common law claims are compensable because they would have been expended in any event for the Lanham Act claims. <u>See</u> <u>Millea v. Metro-North R.R. Co.</u>, 658 F.3d 154, 168 n.4 (2d Cir. 2011) ("Hours spent on legal work that furthers both fee-shifting and non-fee shifting claims [are compensable] because they would have been expended even if the plaintiff had no included non-fee-shifting claims in his complaint."). For these same reasons, Plaintiff should be entitled to fees on its GBL claim (even though it did not move for summary judgment on that claim) because Davis & Gilbert's work on prosecuting this case would not have changed.

Accordingly, this Court respectfully recommends that Plaintiff's entitlement to $111,549.15 in attorneys' fees not be reduced to exclude hours for prosecuting the New York common law claims.

### C. Plaintiff Should Be Awarded Adjusted Costs

Along with attorneys' fees, Plaintiff seeks an award of $6,973.80 of costs. ECF No. 82 at ¶¶ 5-7. In support of the application for costs, Davis & Gilbert provides limited supporting documents. Davis & Gilbert provides an invoice from Corporation Service Company in support of its $32.66 "Corporate Services/Registration" cost (ECF No. 82-14, Scher Decl., Ex. N), an invoice from Serving by Irving, Inc. in support of $385 of its "Court Services" cost (ECF No. 82-15, Scher Decl., Ex. O), an invoice from Thomson Reuters in support of $745.88 of its "Court Services" cost (ECF No. 82-16, Scher Decl., Ex. P), and two invoices from US Legal Support in support of its $2,514.75 "Court Reporters" cost (ECF No. 82-17, Scher Decl., Ex. Q). For costs relating to copying, travel, scanning and document production, Davis & Gilbert represents that they are internal charges for which there are no external invoices or record other than the Cost Detail Reports as provided. ECF No. 82, Scher Decl., ¶ 10. As to the remaining costs, Davis & Gilbert fails to provide invoices, claiming that the "invoices are often hundreds of pages, and would require significant redactions before filing." ECF No. 82, Scher Decl., ¶ 11.

Courts generally award costs to prevailing parties in cases involving violations of the Lanham Act. See Tri-Star Pictures, Inc. v. Unger, 42 F. Supp. 2d 296, 306 (S.D.N.Y. 1999); 15 U.S.C. § 1117(a). A prevailing plaintiff may be reimbursed for out-of-pocket litigation costs that are "necessary for the representation of the client," Tri-Star Pictures, 42 F. Supp. 2d at 306 and are "not part of the attorneys' ordinary overhead," Lanzafame v. MA Gen. Constr. Corp., No. 09 Civ. 4876 (ARR) (RML), 2010 WL 11651623, at *6 (Dec. 23, 2010) (internal citation & quotation marks omitted), R&R adopted, 2011 WL 13323569 (E.D.N.Y. Jan. 24, 2011); see Lyons P'ship L.P. v. D & L Amusement & Entm't, Inc., Mar. 25, 2010) ("Reasonable and identifiable out-of-pocket disbursements ordinarily charged to the clients are recoverable."). As

with attorneys' fees, the fee applicant bears the burden to explain and justify the costs.  See Pennacchio v. Powers, No 05 Civ. 985 (RRM) (RML), 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011).  If the plaintiff fails to submit adequate supporting documentation for the costs requested, the court may reduce the costs.  See Swartz v. HCIN Water St. Assocs., LLC, No. 17 Civ. 4187 (ER), 2018 WL 5629903, at *7 (S.D.N.Y. Oct. 31, 2018); Spalluto v. Trump Intern. Hotel & Tower, No. 04 Civ. 7497 (RJS) (HBP), 2008 WL 4525372, at *19 (S.D.N.Y. Oct. 2, 2008) (collecting cases).

Plaintiff's request for costs includes $589.02 for courier services, $1,645.88 for court services (including the $400 filing fee), $2,514.75 for court reporters, $118.85 for duplicating, $9.00 for duplicating in color, $9.30 for local travel, and $7.17 for teleconference services, totaling $4,893.97.  See ECF No. 82-1, Scher Decl., Ex. A.  Although Plaintiff only submits four invoices totaling $3,645.63 in support of these costs (see ECF Nos. 82-15 – 82-17, Scher Decl., Exs. O-Q), the cost detail reports – with reference to the billing reports – are sufficient to determine the reasonableness of these expenses.  See ECF No. 82-3, Scher Decl., Ex. C; ECF No.  82-4, Scher Decl., Ex. D; ECF No. 82-6, Scher Decl., Ex. F; ECF No. 82-8, Scher Decl., Ex. H; ECF No. 82-9, Scher Decl., Ex. I; ECF No. 82-10, Scher Decl., Ex. J.  Courts in this Circuit have recognized that these are reasonable out-of-pocket expenses that are customarily compensable.  See, e.g., Reiter v. Maxi-Aids, Inc., No. 14 Civ. 3712 (SJF) (GRB), 2019 WL 1641306, at *7 (E.D.N.Y. Apr. 16, 2019) (awarding costs for, among other thigs, court reporter and process server fees where costs were listed in a bill); Swartz, 2018 WL 5629903, at *7 (awarding $200 for title search, $135 for service of process, and $50 in photocopying costs); Ross v. Royal Pizza Café Corp., No. 17 Civ. 6294, 2018 WL 6313208, at *7 (Aug. 1, 2018) (awarding a $400 filing fee, $124 in service fees, and $27.92 for certified mailings), R&R

23

adopted, 2018 WL 6313182 (E.D.N.Y. Dec. 3, 2018); Hui Lan Weng v. Fancy Lee Sushi Bar & Grill, Inc., No. 15 Civ. 5737, 2017 WL 5564892, at *3 (E.D.N.Y. Nov. 3, 2017) ("Court filing fees, process servers, printing and photocopying, messenger services, postage, telephone costs, transcripts, travel, transportation, meals, and other [o]ut of pocket litigation costs are generally recoverable if they are necessary to the representation of the client.") (internal citations & quotation marks omitted); Travel Leaders Grp., LLC v. Corley, No. 19 Civ. 1595 (GBD) (JLC), 2019 WL 6647319, at *17 (S.D.N.Y. Dec. 5, 2019) (awarding $400 in costs after taking judicial notice of $400 filing fee).  Of these costs, $39.12 of the courier services cost, the $7.17 teleconference services cost, $1.75 of the duplicating cost, and the $9.30 for local travel were incurred before this action was commenced on December 17, 2015.  See ECF No. 82-3, Scher Decl., Ex. C at 1; ECF No. 82-9, Scher Decl., Ex. I; ECF No. 82-6, Scher Decl., Ex. F; and ECF No. 82-8, Scher Decl., Ex. H.  Without any submission from Davis & Gilbert explaining that these expenses incurred before commencement of this action were necessary for representing Plaintiff, this Court finds that it is appropriate to exclude these costs as unreasonable.  Therefore, this Court respectfully recommends that these expenses totaling $57.34 be excluded from the total award of costs to Plaintiff.

In addition, Davis & Gilbert seeks $32.66 for an invoice related to a Delaware corporate registration search, $19.64 for "Saegis", and $129.75 for "Duplicating – Scanning."  ECF No. 82-1, Scher Decl., Ex. A; ECF ECF No. 82-14, Scher Decl., Ex. N; ECF No. 82-7, Scher Decl., Ex. G; ECF No. 82-11, Scher Decl., Ex. K.  These costs are not ordinarily recognized as reasonable out-of-pocket costs.  Davis & Gilbert also fails to provide supporting documentation for these expenses or explain the purpose for which these expenses were incurred.  Thus, this Court respectfully recommends that these costs not be awarded to Plaintiff.

Davis & Gilbert also seeks $1,179.60 for "Document Production."  ECF No. 82-12, Scher Decl., Ex. L.  Courts in this District have awarded costs associated with document production. See, e.g., Stirrat v. Ace Audio/Visual, Inc., No. 02 Civ. 2842 (SJ), 2007 WL 2229993, at *6 (E.D.N.Y. July 31, 2007) (awarding document production costs, among others, in ADEA case upon finding that the costs are "precisely the type of costs that may be included in a fee award"); Midamines SPRL Ltd. v. KBC Bank NV, No. 12 Civ. 8089 (RJS), 2016 WL 1071028, at *4 (S.D.N.Y. Mar. 16, 2016) (awarding document production fees).  In this instance, while Davis & Gilbert's document production costs are a compensable expense, it is impossible to understand the purpose of these costs without explanation from counsel.  This deficiency is compounded by the vagueness of the cost detail report submitted in support of this expense.  See ECF No. 82-12, Scher Decl., Ex. L.  Davis & Gilbert's billing reports do not assist in that regard either.  See ECF No. 82-18, Scher Decl., Ex. R; ECF No. 82-19, Scher Decl., Ex. S.  This Court respectfully recommends that this cost not be awarded to Plaintiff.

Plaintiff's request for costs additionally seeks $718.28 for a cost associated with "Lexis," which presumably is a cost related to electronic legal research.  ECF No. 82-1, Scher Decl., Ex. A; ECF No. 82-13, Scher Decl., Ex. M.  In Arbor Hill, 369 F.3d at 98, the Second Circuit held that, in the context of a fee-shifting provision, the charges for online legal research "may properly be included in a fee award" because the use of such services likely reduces the number of hours required for an attorney's manual research.  It stated that if the party seeking costs "normally bills its paying clients for the cost of online research services, that expense should be included in the fee award."  Id.  Post-Arbor Hill decisions in this District have allowed reimbursement for online legal research.  See, e.g., Aiello v. Town of Brookhaven, 94 Civ. 2622, 2005 WL 1397202, at *8 (E.D.N.Y. June 13, 2005).  But see U.S. v. City of New York, No. 07

25

Civ. 2067 (NGG) (RLM), 2013 WL 5542459, at *12 (E.D.N.Y. Aug. 30, 2013) (collecting cases where courts declined to award electronic research costs). Here, it is not clear from Davis & Gilbert's billing records that they billed these costs to Plaintiff. Davis & Gilbert's application refers to the expenses as "Lexis," as does the corresponding cost detail report. See ECF No. 82-1, Scher Decl., Ex. A; ECF No. 82-13, Scher Decl., Ex. M. The billing records show that Davis & Gilbert billed Plaintiff for costs associated with "Westlaw." See ECF No. 82-18, Scher Decl., Ex. R at 30; ECF No. 82-19, Scher Decl., Ex. S at 5. Davis & Gilbert offers no explanation for this discrepancy in its application. Although it may be in the Court's discretion to grant Plaintiff's application for electronic research costs, this Court respectfully recommends that this cost not be awarded to Plaintiff.

Because Davis & Gilbert does not adequately support the reasonableness of some of the requested costs, this Court respectfully recommends that Plaintiff be awarded reduced costs of $4,836.63.

**III.    SUMMARY**

This Court concludes that Plaintiff is entitled to recover $111,549.15 in attorneys' fees and $4,836.63 in costs according to the following:

### A. Hourly Rates Adjusted to Median Market Rates

| Name | Rate | Adjusted Rate | Hours | Total |
|---|---|---|---|---|
| Cohen, Steven | $240.00 | $85.00 | 0.5 | $42.50 |
| Cruz, Michael | $230.00 | $85.00 | 4.1 | $348.50 |
| DiNardo, Chris | $230.00 | $85.00 | 0.3 | $25.50 |
| Dingerson, Daniel | $560.00 | $250.00 | 269.8 | $67,450.00 |
| Eframian, Karina | $230.00 | $85.00 | 0.3 | $25.50 |
| Fisher, Jonathan | $240.00 | $85.00 | 0.3 | $25.50 |
| Harvey, Christopher | $235.00 | $85.00 | 5.7 | $484.50 |
| Heatherton, John | $250.00 | $85.00 | 9.2 | $782.00 |
| Katz, Jeffrey C. | $695.00 | $375.00 | 1.3 | $487.50 |
| Klausner, Neal H. | $720.00 | $375.00 | 0.3 | $112.50 |
| Lustbader, Brandi | $440.00 | $150.00 | 11.2 | $1,680.00 |
| Panebianco, Lisa | $240.00 | $85.00 | 15.2 | $1,292.00 |
| Scher, Ina Beth | $710.00 | $375.00 | 136.5 | $51,187.50 |
|  |  |  | Total | $123,943.50 |

### B. Adjustment for Unreasonable, Excessive and Redundant Hours

| Name | Adjusted Rate | Hours | Adjusted Hours | Total |
|---|---|---|---|---|
| Cohen, Steven | $85.00 | 0.45 | 0.425 | $38.25 |
| Cruz, Michael | $85.00 | 3.69 | 3.485 | $313.65 |
| DiNardo, Chris | $85.00 | 0.27 | 0.255 | $22.95 |
| Dingerson, Daniel | $250.00 | 242.82 | 229.33 | $60,705.00 |
| Eframian, Karina | $85.00 | 0.27 | 0.255 | $22.95 |
| Fisher, Jonathan | $85.00 | 0.27 | 0.255 | $22.95 |
| Harvey, Christopher | $85.00 | 5.13 | 4.845 | $436.05 |
| Heatherton, John | $85.00 | 8.28 | 7.82 | $703.80 |
| Katz, Jeffrey C. | $375.00 | 1.17 | 1.105 | $438.75 |
| Klausner, Neal H. | $375.00 | 0.27 | 0.255 | $101.25 |
| Lustbader, Brandi | $150.00 | 10.08 | 9.52 | $1,512.00 |
| Panebianco, Lisa | $85.00 | 13.68 | 12.92 | $1,162.80 |
| Scher, Ina Beth | $375.00 | 122.85 | 116.025 | $46,068.75 |
|  |  |  | Total | $111,549.15 |

### C. Reduction of Costs

| Category | Requested | Adjusted |
|---|---|---|
| Corporate Services/Registration | $32.66 | $0 |
| Courier Services | $589.02 | $549.90 |
| Court Services | $1,645.88 | $1,645.88 |
| Court Reporters | $2,514.75 | $2,514.75 |
| Duplicating | $118.75 | $117.10 |
| Saegis | $19.64 | $0 |
| Local Travel | $9.30 | $0 |
| Teleconference Services | $7.17 | $0 |
| Duplicating – Color | $9.00 | $9.00 |
| Duplicating – Scanning | $129.75 | $0 |
| Document Production | $1,179.60 | $0 |
| Lexis | $718.28 | $0 |
| Total | $6,973.80 | $4,836.63 |

## IV.    CONCLUSION

For the reasons stated above, this Court respectfully recommends that Plaintiff's motion for attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a) be granted in part and denied in part.  Plaintiff should be awarded $111,549.15 in attorneys' fees and $4,836.63 in costs, for a total of $116,385.78.

## V.    OBJECTIONS

Written objections to this report and recommendation must be timely filed in accordance with the Individual Rules of the District Judge.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the objections and will preclude appellate review.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see also Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).  The Court will mail copies of this report and recommendation to American Landstar Logistics Corp. at 428 Hawthorne Avenue, Staten Island, New York 10314; American Landstar Motor Trans Inc. f/k/a American Landstar Transport Inc.

at 16 Shenandoah Avenue, Staten Island, New York 10314; and American Landstar

Transportation Inc. at 16 Shenandoah Avenue, Staten Island, New York 10314.

Dated:  Brooklyn, New York
        February 6, 2020

_____*Vera M. Scanlon*_____
VERA M. SCANLON
United States Magistrate Judge